## SCOTT, *alias* JONES, *v.* THE UNITED STATES.

JURISDICTION OF THE UNITED STATES.—Under the provisions of the organic act of the territory of Wyoming, the United States has exclusive jurisdiction over the forts and military reservations thereof. The federal judges·of· the territory, sitting with the powers of circuit and district judges of the United States, are empowered to try all offenses committed on such reservations, against the laws of the United States.

ERROR to the Second District Court.

Richard Scott, *alias* Nathan Jones, was indicted at a term of the district court, sitting as a circuit court of the United States, held at Rawlins, Carbon county, Wyoming, under the laws of the United States, for the crime of murder.

He was tried, found guilty, and sentenced to suffer the extreme penalty of the law. Upon the trial it was proven that the offense was committed upon the United States military reservation of Fort Fred Steele, in said county and territory.

Counsel for prisoner, on motion for new trial, urged that the same should be granted because:

I. The United States in this territory have not exclusive jurisdiction over the military reservations therein.

II. That the prisoner should have been tried on the territorial side of the court, and not upon that of the United States; that is, he should have been tried for a crime against the laws of the territory, and prosecuted by the county attorney with a jury impaneled under the territorial laws, instead of being tried for an offense against the general government, prosecuted by the United States district attorney, and by a jury impaneled under the laws of the United States.

III. Because upon the trial of this cause it did not appear that the defendant committed any crime against the laws of the United States, as alleged in the indictment in the cause.

IV. Because it did not appear, upon the trial of this cause, that the offense charged in the indictment herein against the defendant was committed in any fort, arsenal, dock

yard, magazine, or other place or district of country, under the sole and exclusive jurisdiction of the United States.

V. Because the said verdict is not supported by sufficient evidence, and is contrary to law.

VI. Because the court erred in instructing the jury as to the law applicable to the case, to which instructions the said defendant then and there excepted.

The motion for a new trial was overruled, and the cause brought by writ of error to the supreme court.

*M. C. Brown & W. W. Corlett,* for plaintiff in error.

*J. W. Carey, United States District Attorney,* for defendant in error.

Decision of the court below affirmed.